UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:18-CR-144-TAV-DCP |
| | ) | |
| DAVID MILLS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER OF COMMITMENT FOR
MENTAL EXAMINATION AND EVALUATION**

All pretrial motions have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Judge as may be appropriate. This matter came before the Court on September 13, 2018, for the continuation of an initial appearance and arraignment for Defendant David Mills. Assistant United States Attorney Cynthia F. Davidson appeared on behalf of the Government. Attorney Donny M. Young represented the Defendant, who was also present.

The parties first appeared before the undersigned for an initial appearance and arraignment on September 12, 2018. At that time, the Defendant informed Mr. Young that he did not understand the charge in the Indictment. The Defendant also related that he took psychotropic medication. The Court continued the hearing one day to give the United States Probation Office time to meet with and complete a report on the Defendant and to give Mr. Young time to speak to the Defendant and to investigate his mental health history. On the afternoon of September 12, 2018, United States Probation Officer April Wilson interviewed the Defendant. The Probation

1

Office provided a Pretrial Services Report ("PSR") to the Court and counsel.

At the September 13 hearing, Mr. Young made an oral motion for the Court to determine the Defendant's competency to stand trial. Mr. Young stated that he had reviewed the PSR and talked with Defendant Mills. Based upon the report and his discussion with the Defendant, Mr. Young believes that the Defendant has a mental disease or defect that affects his competency.

AUSA Davidson stated that the Government has no objection to the request for a competency determination and that the Defendant's oral motion is well taken. She said the PSR reveals that the Defendant has a significant history of mental health issues.

"The test for a defendant's competency to stand trial is 'whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding–and whether he has a rational as well as factual understanding of the proceedings against him.'" *Mallet v. United States*, 334 F.3d 491, 494-95 (6th Cir. 2003) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)). The Court must consider the matter of the Defendant's competency, upon a motion by either party, if the Court finds "reasonable cause to believe that the defendant may be presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. §4241(a).

In the instant case, the Court has reviewed the PSR, which reveals that Defendant Mills has a history of ongoing mental health treatment and presently takes psychotropic medication. Additionally, the Defendant receives Social Security Disability income for physical and mental conditions. Based upon the information in the PSR, the statements of counsel, and the

undersigned's own observations of Defendant Mills in two hearings, the Court finds that reasonable cause exists to believe that the Defendant may presently be suffering from a mental disease or defect that renders him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Accordingly, the Court finds reasonable cause exists to warrant a mental examination and evaluation of the Defendant under 18 U.S.C. § 4241(b). The Defendant's oral motion for a competency determination is **GRANTED**.

Pursuant to Title 18, Sections 4241(b) and 4247(b)-(c), of the United States Code, it is hereby **ORDERED**, as follows:

>(1)  The Defendant shall remain in custody to await designation for confinement in a suitable facility for the purpose of conducting a psychiatric and/or psychological examination by one or more licensed or certified psychiatric and clinical psychologists. After designation of the facility is received, the Defendant shall be transported by the United States Marshals Service to such facility.
>
>(2)  The purpose of the evaluation shall be for one or more licensed or certified psychiatrists and/or clinical psychologists to conduct psychiatric and psychological examinations of the Defendant for the purpose of determining whether the Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense,
>
>(3)  Pursuant to Rule 12.2(c), the Defendant is to submit to such examinations as ordered above.
>
>(4)  The Defendant shall be given any necessary medications, if determined appropriate by the medical staff at the facility.
>
>(5)  The examiner and/or examiners designated to conduct such examinations shall, pursuant to Title 18, United States Code, Section 4247(c), file with the Court, as soon as possible after the completion of such examinations, a report of their examinations with copies

provided to counsel for the Defendant and counsel for the United States, and said report shall include:

   (a) the Defendant's history and present symptoms;

   (b) a description of the psychiatric, psychological and medical tests that were employed and their results;

   (c) the examiner's findings;

   (d) the examiner's opinions as to diagnosis and prognosis, and

   (e) the examiner's opinion as to whether the Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

(6) Pursuant to Title 18, Section 4247(b), of the United States Code, the Defendant shall be committed to the custody of the Attorney General for the purpose of such examination for a reasonable period of time not to exceed **THIRTY (30) DAYS**, unless otherwise ordered by the Court.

(7) The Defendant shall be **FORTHWITH RETURNED** to the custody of the United States Marshal immediately following the completion of the evaluation or the expiration of the thirty (30) day period, or any reasonable extension of that time period, whichever is sooner.

(8) A competency hearing and/or status conference is set for **December 18, 2018, at 10:00 a.m.** If the Defendant has returned and the Court has received the forensic report prior to this time, the Court may schedule a competency hearing on an earlier date. If the Defendant has not returned or the Court has not received the forensic report by this date, then the matter will proceed as a status conference.

(9) The United States Marshal shall notify the Clerk of the Court and the undersigned's office promptly when the Defendant returns to this jurisdiction from the mental evaluation. If the Defendant has returned in time, the marshals shall bring him to the **December 18, 2018** competency hearing.

(10) Because of the length of time necessary to evaluate the Defendant, the Court has not scheduled a trial date in this case. The Defendant will be arraigned on the charge in the Indictment, his case will be set for trial, and a schedule will be established, upon the Defendant's return to this district, if he is found to be competent. All the time during which the Defendant is undergoing a mental examination for competency, 18 U.S.C. § 3161(h)(1)(A), along with a reasonable time for transportation to and from such examination, 18 U.S.C. § 3161(h)(1)(F), is fully excludable under the Speedy Trial Act.

(11) The Clerk of Court is **DIRECTED** to serve copies of this order on counsel of record and to serve three certified copies on the United States Marshals Service.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge